**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5082**

UNITED STATES OF AMERICA,

    Plaintiff – Appellee,

  v.

JOSE CIENFUEGOS, a/k/a Carmelo Cienfuegos-Rodriquez, a/k/a Crispiano Romero-Hernandez, a/k/a Jose Socorro Ruiz-Rodriguez, a/k/a Jose Carmen Cienfuegos-Rodriquez, a/k/a Alfredo Alejandro Gonzales,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., District Judge.  (3:09-cr-00500-JFA-7)

Submitted:  August 25, 2011   Decided:  October 24, 2011

Before NIEMEYER, SHEDD, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven M. Hisker, HISKER LAW FIRM, PC, Duncan, South Carolina, for Appellant. Stacey Denise Haynes, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Cienfuegos appeals from his convictions and 130-month sentence entered pursuant to his guilty plea to possession with intent to distribute cocaine and illegal reentry of an aggravated felon. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but raising the question of whether the court appropriately conducted the Fed. R. Crim. P. 11 hearing. Although informed of his right to do so, Cienfuegos has not filed a supplemental brief. The Government has also declined to file a brief.

Although he does not point to any specific Rule 11 error, Cienfuegos challenges the Rule 11 hearing generally. Because he did not move in the district court to withdraw his guilty plea, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that he understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). The court also must determine whether there is a factual basis for the plea. Id.; United States v. DeFusco, 949 F.2d 114, 120 (4th

2

Cir. 1991). The purpose of the Rule 11 colloquy is to ensure that the defendant makes a knowing and voluntary guilty plea. United States v. Vonn, 535 U.S. 55, 58 (2002).

Our review of the transcript of the plea hearing reveals that the district court substantially complied with the requirements of Fed. R. Crim. P. 11 and properly ensured that Cienfuegos's plea was knowing and voluntary and supported by a sufficient factual basis. DeFusco, 949 F.2d at 116, 119-20. The court discussed each of the Rule 11 requirements and ensured that Cienfuegos understood the proceedings and was pleading guilty knowingly and voluntarily. Accordingly, Cienfuegos has failed to show any plain error.

Pursuant to Anders, we have carefully reviewed the record for reversible error and have found none. As such, we affirm Cienfuegos's convictions and sentence. This court requires that counsel inform Cienfuegos, in writing, of the right to petition the Supreme Court of the United States for further review. If Cienfuegos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cienfuegos. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED